Richard Sturdevant SBN 269088
**FINANCIAL RELIEF LAW CENTER, APC**
1200 Main St. Ste C
Irvine, CA 92614
Telephone: 714-442-3335
Fax: 714-361-5380
rich@bwlawcenter.com

Attorneys for Jihad Saker

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JIHAD SAKER<br><br>                          Debtors. | Adversary Case# 6:23-ap-01055-SY<br><br>Bankruptcy Case# 6:23-bk-10976-SY<br><br>Chapter 7 |
| GREGG ROBERTS<br><br>                       Plaintiff,<br>v.<br>JIHAD SAKER<br><br>                       Defendants. | **MOTION UNDER FRBP 9019 FOR ORDER APPROVING COMPROMISE WITH GREGG ROBERTS; DECLARATION OF JIHAD SAKER IN SUPPORT THEREOF**<br><br>[No Hearing Requested Unless Requested Under LBR 9013-1(o)] |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE; THE CHAPTER 7 TRUSTEE; THE UNITED STATES TRUSTEE; AND PARTIES IN INTEREST HEREIN:**

      Jihad Saker, the Debtor and Defendant ("Debtor" or "Defendant") by and through his bankruptcy counsel, Financial Relief Law Center, APC, submits this motion (the "Motion") for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Defendant's proposed compromise with the claimant, Gregg Roberts ("Roberts" or "Plaintiff") and approving the settlement agreement and mutual release (the "Agreement") by and between the Debtor and Roberts.  A copy of the Agreement is attached as

Exhibit A to the accompanying declaration of Jihad Saker (the "Saker Declaration").  In support of the Motion, the Debtor respectfully represents the following:

**I.        JURISDICTION AND VENUE**

The Bankruptcy Court has jurisdiction over the bankruptcy case, the bankruptcy estate, the adversary proceeding, and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The venue of this case and this Motion are proper pursuant to 27 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are Section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Bankruptcy Rule 9019.

**A.  Commencement of the Bankruptcy Case and History of Roberts's Claim**

The Debtor commenced the bankruptcy case with the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code on March 14, 2023.

Saker owns real property commonly known as 1137 W. 17th St., San Bernardino, CA 92411 (the "Real Property").

Roberts filed an adversary complaint against Debtor on June 20, 2023. On July 19, 2023, Saker filed a motion to dismiss the Complaint. At a hearing on November 7, 2024, the court granted the motion to dismiss with leave to amend the Complaint. On January 23, 2024, Roberts filed an Amended Complaint. Saker filed the Answer to the Amended Complaint on July 30, 2024.

Prior to the Debtor's commencement of the bankruptcy case, a judgment was awarded against Saker in favor of plaintiff Debbie Ann Lawler for $1,000,000.00 in case number CIVDS1607235, county of San Bernardino. On November 13, 2020, Roberts filed an "Acknowledgement of Assignment of Judgement" in California Superior Court. On August 29,

2022, Roberts recorded an abstract of judgment against the Real Property, Doc# 2022-0295901.

On April 19, 2019, a judgment was awarded against Saker in favor of plaintiff Cynthia K. Johnson for $1,005,251.25 in case number CIVDS1607235, county of San Bernardino. On June 30, 2022, Roberts filed an "Acknowledgment of Assignment of Judgment" in California Superior Court. On August 29, 2022, Roberts recorded an abstract of judgment against the Real Property, Doc# 2022-0295902.

**B.  The Debtor's Negotiations with Roberts and the Agreement**

The extensive good faith negotiations between Roberts and the Debtor's bankruptcy counsel have been fruitful, as the Debtor and Roberts agreed to the proposed compromise that is memorialized in the Agreement without the need for further litigation in the adversary proceeding.

The Settlement Agreement provides the following: (1) Debtor shall cause to be paid to Roberts a settlement amount of $49,000 ("Settlement Amount") via wire transfer; (2) Within fourteen days of receiving the settlement amount Roberts shall dismiss with prejudice the Adversary Proceeding; (3) Within 14 days of receiving the Settlement Amount, Roberts shall file a Satisfaction of Judgment with the California Superior Court County of San Bernardino, Case# CIVDS1607235 related to the Lawler Abstract of Judgment Doc# 2022-0295901 and record the Satisfaction of Judgment in the office of the San Bernardino County Assessor-Recorder-Clerk; (4) Within 14 days of receiving the Settlement Amount, Roberts shall file a Satisfaction of Judgment with the California Superior Court County of San Bernardino, Case# CIVDS1607235 related to the Johnson Abstract of Judgment Doc# 2022-0295902 and record the Satisfaction of Judgment in the office of the San Bernardino County Assessor-Recorder-Clerk; (5) Except with respect to the obligations arising from the Agreement, the Debtor and Roberts shall mutually release each other from all further claims.

## II.    DISCUSSION

### A.    The Legal Standard

Bankruptcy Code section 105(a) provides in relevant part that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) in turn states:

> On motion by the trustee after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the Debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

"The bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co* . (*In re Woodson*), 839 F.2d 610 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the trustee and creditors to avoid the expenses and burden associated with litigating contested and dubious claims." *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) [hereinafter "*A & C Properties*"].  Accordingly, in approving such an agreement, the Bankruptcy Court need not conduct an exhaustive investigation into the validity, or a mini-trial on the merits, of the claims sought to be compromised.  *United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982).

Rather, it is sufficient that the Bankruptcy Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable.  *A & C Properties*, 784 F.2d at 1381.  The Court need only canvass the issues to determine whether the compromise falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *see also Anaconda-Ericsson Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985).  Finally, although the Bankruptcy Court should consider the reasonable views of creditors, "…[O]bjections do

not rule.  It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

In the Ninth Circuit, courts generally look to the following considerations in determining whether a proposed compromise is reasonable, fair, and equitable:

(a)  The probability of success in litigation;

(b)  The difficulties, if any, to be encountered in the matter of collection;

(c)  The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;

(d)  The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*A & C Properties*, 784 F.2d at 1331 (citation omitted).

### B.      The Proposed Compromise Should Be Approved

Consideration of the *A & C Properties* factors leads to the conclusion that the proposed compromise should be approved.

#### (a) Probability of Success

Roberts has two recorded abstracts of judgment for a total prejudgment amount of $2,005,251.25. Should Roberts be successful in this adversary case, those abstracts would remain as recorded liens against the Debtor's Real Property. The prosecution of the on-going adversary case as well as the civil case is a process that would be both costly and uncertain.  The proposed compromise removes the liens against the Real Property and greatly reduces the cost of legal fees.

#### (b) Impediments to Collection

The Debtor has no collection claim or effort against Roberts.

#### (c) Complexity, Expense, Inconvenience and Delay of Litigation

There is no certainty as to how the litigation would resolve and the time and money to get a different (or possibly the same) result would likely be higher than the cost of settlement after factoring in additional legal fees in the adversary proceeding. Additional litigation is and will be avoided through this settlement process assuming the Motion is granted. The settlement allows the Debtor to remove the two liens recorded against the Debtor's Real Property.

**(d)  The Interest of Creditors with Deference to Their Reasonable Opinion**

All of the foregoing potential detriments to the estate are eliminated by the Agreement. With this settlement agreement and subsequent removal of the two liens, the Debtor will be able to obtain a discharge of the debt underlying the two judgments. Therefore, the Debtor submits that the Agreement is fair, reasonable, and in the best interests of the estate and should be approved by the Court.

### III.    CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Bankruptcy Court enter an order (1) approving the Settlement Agreement with Gregg Roberts; (2) granting such other and further relief as is just and appropriate under the circumstances.

DATED: July 15, 2025                    Respectfully Submitted,

Financial Relief Law Center, APC

 /s/ Richard Sturdevant
Richard Sturdevant
Attorneys for Defendant/Debtor

## **DECLARATION OF JIHAD SAKER**[1]

I, Jihad Saker, hereby declare:

1.      I am over eighteen (18) years of age.  I make this Declaration based upon the following facts, all of which are within my personal knowledge or belief.  As to all matters alleged on information and belief, I believe them to be true.  If called upon as a witness, I could and would competently testify thereto.

2.      I submit this declaration in support of the accompanying Motion.

3.      I am the Debtor in the above-captioned bankruptcy case.  On March 14, 2023, I caused to be filed a Chapter 7 bankruptcy petition (the "Petition Date").

4.      I own real property commonly known as 1137 W. 17th St., San Bernardino, CA 92411.

5.      Prior to the commencement of my bankruptcy case, a judgment was awarded against me in favor of plaintiff Debbie Ann Lawler for $1,000,000.00 in case number CIVDS1607235, California Superior Court, County of San Bernardino. On November 13, 2020, Roberts filed an "Acknowledgement of Assignment of Judgement" in California Superior Court. On August 29, 2022, Roberts recorded an abstract of judgment against the Real Property, Doc# 2022-0295901.

6.      Prior to the commencement of my bankruptcy case, a judgment was awarded against Saker in favor of plaintiff Cynthia K. Johnson for $1,005,251.25 in case number CIVDS1607235, California Superior Court, County of San Bernardino. On June 30, 2022, Roberts filed an "Acknowledgement of Assignment of Judgement" in California Superior Court. On August 29, 2022, Roberts recorded an abstract of judgment against the Real Property, Doc# 2022-0295902.

7.      Through my bankruptcy counsel, I have been able to resolve this case and remove the

---

[1] Any defined term in the Motion takes the same meaning in this declaration.

liens against the Real Property with the avoidance of additional and potentially costly litigation in this adversary proceeding.

8.    As detailed in the Agreement, the proposed compromise between Roberts and the Debtor will provide the following: (1) Debtor shall cause to be paid to Roberts the Settlement Amount of $49,000 via wire transfer; (2) Within fourteen days of receiving the Settlement Amount Roberts shall dismiss with prejudice the Adversary Proceeding; (3) Within 14 days of receiving the Settlement Amount, Roberts shall file a Satisfaction of Judgment with the California Superior Court, County of San Bernardino, Case# CIVDS1607235 related to the Lawler Abstract of Judgment Doc# 2022-0295901 and record the Satisfaction of Judgment in the office of the San Bernardino County Assessor-Recorder-Clerk; (4) Within 14 days of receiving the Settlement Amount, Roberts shall file a Satisfaction of Judgment with the California Superior Court, County of San Bernardino, Case# CIVDS1607235 related to the Johnson Abstract of Judgment Doc# 2022-0295902 and record the Satisfaction of Judgment in the office of the San Bernardino County Assessor-Recorder-Clerk; (5) Except with respect to the obligations arising from the Agreement, the Debtor and Roberts shall mutually release each other from all further claims. (6) A true and correct copy of the Agreement is attached hereto as Exhibit A.

9.    Based on the content of the Motion, I request that the Motion approving the Agreement be granted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of July 2025 at San Bernardino, CA.

_____

Jihad Saker

Debtor/Defendant

MOTION TO APPROVE COMPROMISE

1 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is

2 | true and correct.

3 |

4 | Executed on this 15th day of July 2025 at San Bernardino, CA.

5 |

6 |

7 | Jihad Saker

8 | Debtor/Defendant

MOTION TO APPROVE COMPROMISE

1

2

3

4

5

6

7

8

9

10        A true and correct copy of the Agreement attached hereto as <u>Exhibit A</u>.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

**Bankruptcy Case Number: 6:23-bk-10976-SY**

*In re Jihad Saker*

**Adversary Proceeding Case Number: 6:23-ap-01055-SY**

*Roberts v. Saker*

---

## SETTLEMENT AGREEMENT

---

Financial Relief Law Center, APC
1200 Main St. Ste C
Irvine, California   92614

Settlement Agreement
*In re Jihad Saker*
Bankr. C.D. Cal. 6:21-bk-10976-SY

Page 1 of 8

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into by and between Gregg Roberts ("**Roberts**"), and Jihad Saker ("**Saker**" or "**Debtor**").  Roberts and Saker are collectively referred to as the "**Parties**", with respect to the following facts, circumstances, understandings and beliefs (collectively, "Recitals"):

## RECITALS

A.    The Debtor filed a Chapter 7 bankruptcy petition on March 14, 2023 ("**Petition Date**"), in the United States Bankruptcy Court, Central District of California, Case No. 6:23-bk-10976-SY ("**Bankruptcy Case**"). Arturo Cisneros ("**Trustee**") is the appointed Chapter 7 trustee for the bankruptcy estate in the Bankruptcy Case.

B.    Saker owns real property commonly known as 1137 W. 17th St., San Bernardino, CA 92411 (the "**Real Property**").

C.    On June 20, 2023, Roberts filed the *Complaint To Determine Dischargeability Under 11 U.S.C. §§523(A)(6) and Willful and Malicious Injury, and to Deny Discharge Under 11 USC 727* ("**Complaint**"), adversary proceeding case No. 623-ap-01055-SY ("**Adversary Case**"). On July 19, 2023, Saker filed a motion to dismiss the Complaint. At a hearing on November 7, 2024, the court granted the motion to dismiss with leave to amend the Complaint.

D.    On January 23, 2024, Roberts filed the Amended Complaint titled "*First Amended Complaint to Determine Nondischargeability Under 11 U.S.C. §§523(A)(6), Willful and Malicious Injury, and to Deny Discharge Under 11 USC 727* ("**Amended Complaint**"). Saker filed the Answer to the Amended Complaint on July 30, 2024. A pre-trial conference is set to be heard on July 31, 2025.

E.    On May 13, 2019, a judgment was awarded against Saker in favor of plaintiff Debbie Ann Lawler for $1,000,000.00 in case number CIVDS1607235, county of San Bernardino. On November 13, 2020, Roberts filed an "Acknowledgement of Assignment of Judgement" in California superior court. On August 29, 2022, Roberts recorded an abstract of judgment against the Real Property, Doc# 2022-0295901 ("**Lawler Abstract of Judgment**").

F.    On April 19, 2019, a judgment was awarded against Saker in favor of plaintiff Cynthia K. Johnson for $1,005,251.25 in case number CIVDS1607235, county of San Bernardino. On June 30, 2022, Roberts filed an "Acknowledgement of Assignment of Judgement" in California superior court. On August 29, 2022, Roberts recorded an abstract of judgment against the Real Property, Doc# 2022-0295902 ("**Johnson Abstract of Judgment**").

G.    The Parties desire to resolve all disputes related to the Real Property, the Bankruptcy Case,  and the Adversary Case upon the terms and conditions set forth below.

## AGREEMENT

**NOW THEREFORE,** pursuant to the foregoing Recitals, which are incorporated into this Agreement, and for the consideration described herein, the Parties agree as follows:

## ARTICLE 1

## BINDING EFFECT OF AGREEMENT

**1.1    Bankruptcy Court Approval.**  The Agreement is subject to Bankruptcy Court approval in the Cases.  A motion (pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure) to approve this Agreement ("Saker Motion") may, at Saker's sole discretion, be prepared and filed by Saker promptly following the Parties' full signing of this Agreement and mutual exchange by the Parties of the fully executed copy.  Similarly, a motion (pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure) to approve this Agreement ("Roberts Motion") may, at Roberts' sole discretion, be prepared and filed by Roberts promptly following the Parties' full signing of this Agreement and mutual exchange by the Parties of the fully executed copy.

**1.2    Remainder of Agreement Contingent Upon Court Approval.**    All terms of the Agreement, with the sole exception of the terms set forth in this Article 1, are contingent upon the issuance of a final binding order by the Bankruptcy Court approving the Agreement in each of the Cases.  If the Agreement is not approved by the Bankruptcy Court, the Agreement shall automatically terminate and be of no further force or effect.

## ARTICLE 2

## TERMS OF THE SETTLEMENT

**2.1    Payment of the Settlement Amount.**  Within 14 days of the Effective Date, Saker shall pay to Roberts $49,000 (the "**Settlement Amount**") via wire transfer. Within fourteen days of receiving the Settlement Amount, Roberts shall dismiss with prejudice the Adversary Proceeding. Within 14 days of receiving the Settlement Amount, Roberts shall file a Satisfaction of Judgment with the California Superior Court County of San Bernardino, Case# CIVDS1607235 related to the Lawler Abstract of Judgment Doc# 2022-0295901 and record the Satisfaction of Judgment in the office of the San Bernardino County Assessor-Recorder-Clerk.

Within 14 days of receiving the Settlement Amount, Roberts shall file a Satisfaction of Judgment with the California Superior Court County of San Bernardino, Case# CIVDS1607235 related to the Johnson Abstract of Judgment Doc# 2022-0295902 and record the Satisfaction of Judgment in the office of the San Bernardino County Assessor-Recorder-Clerk.

**2.2    Effective Date.**  This Agreement becomes effective on the date all the following have occurred: (1) the Saker Motion is granted by the Court and the order granting the Saker Motion becomes a final order, (2) the Roberts Motion is granted by the Court and the order granting the

Settlement Agreement
*In re Jihad Saker*
Bankr. C.D. Cal. 6:21-bk-10976-SY

Roberts Motion becomes a final order, (3) all Parties have signed this Agreement ("<u>Effective Date</u>").

**2.3**    <u>**Default.**</u>  Should Saker fail to make the payment required by ¶ 2.1 *supra* on or before the Effective Date*,* an Event of Default will have occurred. Should Roberts fail to file and record the Satisfaction of Judgment as to the Lawler Abstract of Judgment or fail to file and record the Satisfaction of Judgment as to the Johnson Abstract of Judgment, and Event of Default will have occurred.

**2.4**    <u>**Consequences of Default**</u>  In the event that Saker defaults under this agreement, Roberts shall be entitled to a judgment of nondischargeability as prayed for in the Amended Complaint.

In the event that Roberts defaults under this agreement, Saker shall be entitled to file a Satisfaction of Judgment with the California Superior Court County of San Bernardino, Case# CIVDS1607235 related to the Lawler Abstract of Judgment Doc# 2022-0295901 and record the Satisfaction of Judgment in the office of the San Bernardino County Assessor-Recorder-Clerk. Saker shall be entitled to reimbursement of attorneys fees and costs from Roberts in connection with the filing of the Satisfaction of Judgment.

In the event that Roberts defaults under this agreement, Saker shall also be entitled to file a Satisfaction of Judgment with the California Superior Court County of San Bernardino, Case# CIVDS1607235 related to the Johnson Abstract of Judgment Doc# 2022-0295902 and record the Satisfaction of Judgment in the office of the San Bernardino County Assessor-Recorder-Clerk. Saker shall be entitled to reimbursement of attorneys fees and costs from Roberts in connection with the filing of the Satisfaction of Judgment.

**2.5**    <u>**Mutual Release of Unknown Claims.**</u>  The Parties each hereby agree, represent and warrant that they realize and acknowledge that factual matters now unknown to them may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses which are presently unknown, unanticipated and unsuspected, and they each further agree, represent and warrant that the release contained in this Agreement has been negotiated and agreed upon in light of that realization and that they nevertheless hereby intend to release, discharge and acquit each other from any and all such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses which in any way arise out of, are connected with, or relate to, the Levied Funds or the Cases.  In furtherance of this intention, the Parties each expressly waive any and all rights conferred upon them by California Civil Code Section 1542 and expressly consent that the releases contained in this Agreement shall be given full force and effect according to each and all of its express terms and provisions.  The Parties each expressly waive the operation and application of California Civil Code Section 1542, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties each hereby understand and acknowledge the significance and consequences of such release and specific waiver of California Civil Code Section 1542, and each has been advised by independent legal counsel concerning the same, or were advised to obtain the advice of such legal counsel and had ample opportunity to obtain the advice of such legal counsel.

The Parties each expressly understand and agree that the facts with respect to which the release contained in this Agreement may hereinafter turn out to be other than or different from the facts in that connection now known or believed by the Parties to be true, and the Parties each expressly assume the risk of the facts turning out to be so different and agree that the release contained in this Agreement shall be in all respects effective and not subject to termination or rescission by reason of any difference in the facts.

## ARTICLE 3

## <u>REPRESENTATIONS AND WARRANTIES</u>

**3.1    <u>Capacity to Enter Into the Agreement.</u>**  Saker hereby states, certifies, warrants, and represents to Roberts that he has the right, power, capacity, and authority to enter into this Agreement, to fully perform its obligations under this Agreement, and neither this Agreement nor the release of any claim pursuant to this Agreement violates any agreement by which he is bound. Roberts, upon the Bankruptcy Court's approval of this Agreement in the Cases, state, certify, warrant and represent to Saker that he has the right, power, capacity, and authority to enter into this Agreement, to fully perform their respective obligations under this Agreement, and this Agreement does not violate any agreement by which he is bound.

**3.2    <u>Representation by Legal Counsel.</u>**  The Parties represent that they each obtained the advice of legal counsel of their choosing in connection with the negotiation, preparation, and execution of this Agreement, or that they were advised to obtain the advice of such legal counsel and had ample opportunity to obtain the advice of such legal counsel.

**3.3    <u>No Undisclosed Inducements.</u>**  The Parties represent that they entered into this Agreement solely in reliance upon their own independent investigation and analysis of the relevant facts and circumstances, and that no representations or warranties other than those set forth in this Agreement were made by any other party or any employee, agent or attorney of any other party to induce said party to enter into this Agreement.

**3.4    <u>Good Faith and Fair Dealing.</u>**  This Agreement was negotiated in good faith, at arm's length, and for good, reasonable and fair consideration as to all Parties.

Settlement Agreement
*In re Jihad Saker*
Bankr. C.D. Cal. 6:21-bk-10976-SY

**3.5**    **Truth and Accuracy of Warranties and Representations.**    Each warranty and representation set forth in this Agreement will be, and the Party making the same will cause the same to be, true and correct from the time of execution of this Agreement, until the performance by such party of each and all of its obligations under this Agreement.

**3.6**    **Survival.**    This Agreement and each statement, certification, representation, warranty, disclosure, disclaimer, waiver, duty, obligation, promise, covenant, agreement, term, condition and provision set forth in this Agreement will survive the consummation of all terms and conditions of this Agreement.

## ARTICLE 4

## GENERAL TERMS AND PROVISIONS

**4.1**    **Further Assurances.**    The Parties agree that they will execute any and all additional documents and take all additional steps which may be necessary to consummate the Agreement.

**4.2**    **Entire Agreement.**    This Agreement will constitute the entire agreement between the Parties.  No supplement, modification, waiver or termination shall be binding or enforceable unless executed in writing by the Parties to be bound thereby.

**4.3**    **No Waiver.**    No waiver of any of the provisions of the Agreement shall be deemed, or shall constitute a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver.  No waiver shall be binding unless executed by the Party making the waiver.

**4.4**    **Failure or Delay Not a Waiver.**    No failure or delay on the part of any Party to exercise any right hereunder, nor any other indulgence of such Party, shall operate as a waiver of any other rights hereunder, nor shall any single exercise by any Party of any right hereunder preclude any other or further exercise thereof.  The rights and remedies herein provided are cumulative and not exclusive of any right or remedies provided by law.

**4.5**    **Severability.**    In the event that any term or provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

**4.6**    **Inurement.**    This Agreement shall inure to the benefit of and be fully binding upon each of the Parties and upon their respective heirs, successors, and assigns.

**4.7**    **Attorneys' Fees and Costs.**    The Parties shall each bear their own costs and attorneys' fees, if any, with regard to any aspect of the matters covered by this Agreement, including the drafting, negotiation, and execution of this Agreement.  In the event of any legal or equitable action or proceeding required to enforce or defend this Agreement, the prevailing party, as that term is defined by California Civil Code § 1717, shall be entitled to an award of their attorneys' fees, costs, and expenses incurred in connection with the enforcement or defense of this Agreement.

Settlement Agreement
*In re Jihad Saker*
Bankr. C.D. Cal. 6:21-bk-10976-SY

**4.8      Governing Law and Jurisdiction.**  This Agreement shall be interpreted and governed by the laws of the State of California.  In the event a dispute arises regarding this Agreement, the Bankruptcy Court in the Central District of California, Riverside Division shall have exclusive jurisdiction to interpret and enforce this Agreement.

**4.9      Modification.**  The Agreement shall not be modified by any Party by oral representation made before or after the execution of the Agreement.  All modifications must be in writing and signed by all Parties.

**4.10    Interpretation.**  This Agreement shall be treated as jointly drafted and will not be construed against any Party as drafter.  Furthermore, in the event of any ambiguity in or dispute regarding the interpretation of this Agreement, the interpretation will not be resolved by any rule of interpretation providing for interpretation against the Party who causes the uncertainty to exist or against the draftsman.

**4.11    No Appeal of Approval Order.**  No party to this Agreement shall file any appeal from the Court's entry of the Approval Order approving this Agreement.

**4.12    Successors and Assigns.**  This Agreement shall inure to the benefit of, and shall be binding upon the Parties, and each of them, and their respective successors, assigns, heirs, partners, agents, interrogators, officers, corporations, partnerships, partners, shareholders, representatives, and each of them.

**4.13    Notices.**  Except as otherwise provided by this Agreement, any notices or other communications to be given pursuant to this Agreement shall be delivered to the appropriate Party and their counsel at the address shown below, until written notice of a different address is given by such Party in accordance with this section.  Any notices or other communications must be in writing.  Any notices or other communications given by personal service shall be deemed to have been received upon delivery.  Any notices or other communications given by first class mail, postage prepaid, addressed to the address required by this section, shall be deemed to have been received three business days following the deposit thereof with the United States Post Office.  Any notices or other communications given by overnight courier service shall be deemed to have been received on the date of delivery confirmed by the courier service.  Any notice given by facsimile transmission shall be deemed to have been received on the date upon which the recipient's facsimile machine electronically confirms the receipt of such notice.

To Jihad Saker:              Rich Sturdevant
                             **FINANCIAL RELIEF LAW CENTER, APC**
                             Direct Phone: (714) 442-3335
                             Facsimile:      (714) 361-5376
                             Email: rich@bwlawcenter.com

To Gregg Roberts:            Gregg Roberts
                             43430 E. Florida Ave Ste #F-293

Settlement Agreement
*In re Jihad Saker*
Bankr. C.D. Cal. 6:21-bk-10976-SY

Hemet, CA 92544
Telephone:    (951) 330-4450
Email:  gregg@legalsupport-sc.com

**4.14    Counterparts and Electronic Signatures.**    This Agreement may be executed in counterparts, which shall together constitute one document.  A facsimile or electronic signature shall constitute an original signature.  When counterparts have been executed by all the Parties, this Agreement shall become effective pursuant its terms.

**4.15    Meaning of Pronouns and Effect of Headings.**  As used in this Agreement, the masculine, feminine and/or neuter gender, and the singular or plural form shall include the other gender or form when appropriate.  The captions and paragraph headings in this Agreement are used solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of this Agreement.

**4.16    Recitals.**  Each term of this Agreement is contractual and not merely a recital.

**BY SIGNING THIS AGREEMENT WHERE INDICATED BELOW I CERTIFY THAT I HAVE READ THE FOREGOING AGREEMENT IN ITS ENTIRETY, THAT I FULLY UNDERSTAND ALL THE WORDS, LANGUAGE, TERMS AND CONDITIONS CONTAINED HEREIN AND THAT I AGREE TO BE BOUND BY ALL THE TERMS AND CONDITIONS SET FORTH HEREIN.**

Dated:  June _____, 2025            _____
                                    Gregg Roberts

Dated:  June _____, 2025            _____
                                    Jihad Saker

**APPROVED AS TO FORM:**
Dated:  June _____, 2025            **FINANCIAL RELIEF LAW CENTER**

                                    _____
                                    By: Rich Sturdevant
                                    Attorneys for Defendant Jihad Saker

Settlement Agreement
*In re Jihad Saker*
Bankr. C.D. Cal. 6:21-bk-10976-SY

Hemet, CA 92544
Telephone:    (951) 330-4450
Email:  gregg@legalsupport-sc.com

**4.14** **Counterparts and Electronic Signatures.**   This Agreement may be executed in counterparts, which shall together constitute one document.  A facsimile or electronic signature shall constitute an original signature.  When counterparts have been executed by all the Parties, this Agreement shall become effective pursuant its terms.

**4.15** **Meaning of Pronouns and Effect of Headings.** As used in this Agreement, the masculine, feminine and/or neuter gender, and the singular or plural form shall include the other gender or form when appropriate.  The captions and paragraph headings in this Agreement are used solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of this Agreement.

**4.16** **Recitals.** Each term of this Agreement is contractual and not merely a recital.

**BY SIGNING THIS AGREEMENT WHERE INDICATED BELOW I CERTIFY THAT I HAVE READ THE FOREGOING AGREEMENT IN ITS ENTIRETY, THAT I FULLY UNDERSTAND ALL THE WORDS, LANGUAGE, TERMS AND CONDITIONS CONTAINED HEREIN AND THAT I AGREE TO BE BOUND BY ALL THE TERMS AND CONDITIONS SET FORTH HEREIN.**

Dated:  June 3 , 2025

_Gregg Roberts_
Gregg Roberts

Dated:  June ____ , 2025

_____
Jihad Saker

**APPROVED AS TO FORM:**
Dated:  June _____, 2025

**FINANCIAL RELIEF LAW CENTER**

_____
By: Rich Sturdevant
Attorneys for Defendant Jihad Saker

Settlement Agreement
*In re Jihad Saker*
Bankr. C.D. Cal. 6:21-bk-10976-SY

Hemet, CA 92544
Telephone:   (951) 330-4450
Email:  gregg@legalsupport-sc.com

**4.14    Counterparts and Electronic Signatures.**    This Agreement may be executed in counterparts, which shall together constitute one document.  A facsimile or electronic signature shall constitute an original signature.  When counterparts have been executed by all the Parties, this Agreement shall become effective pursuant its terms.

**4.15    Meaning of Pronouns and Effect of Headings.**  As used in this Agreement, the masculine, feminine and/or neuter gender, and the singular or plural form shall include the other gender or form when appropriate.  The captions and paragraph headings in this Agreement are used solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of this Agreement.

**4.16    Recitals.**  Each term of this Agreement is contractual and not merely a recital.

**BY SIGNING THIS AGREEMENT WHERE INDICATED BELOW I CERTIFY THAT I HAVE READ THE FOREGOING AGREEMENT IN ITS ENTIRETY, THAT I FULLY UNDERSTAND ALL THE WORDS, LANGUAGE, TERMS AND CONDITIONS CONTAINED HEREIN AND THAT I AGREE TO BE BOUND BY ALL THE TERMS AND CONDITIONS SET FORTH HEREIN.**

Dated: June _____, 2025

Gregg Roberts

Dated: June 17, 2025

Jihad Saker

**APPROVED AS TO FORM:**
Dated: June 17, 2025

**FINANCIAL RELIEF LAW CENTER**

By: Rich Sturdevant
Attorneys for Defendant Jihad Saker

Settlement Agreement
*In re Jihad Saker*
Bankr. C.D. Cal. 6:21-bk-10976-SY